**SO ORDERED.**

**SIGNED this 8 day of January, 2015.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

VERONICA MARTISH,     CHAPTER 13
                      CASE NO. 14-02975-5-DMW
   DEBTOR

ORDER

Pending before the Court is the Objection to Claim No. 8 From Education Credit Management Corporation ("ECMC") and Motion To Avoid Preferential Transfer[1] filed on October 16, 2014 by Veronica Martish (the "Debtor") (the "Objection") and the Response in Opposition to Debtor's Objection to Claim No. 8 From ECMC filed by ECMC on November 17, 2014 (the "Response").  A hearing was held on December 10, 2014 in Raleigh, North Carolina to consider the Objection and the Response.

The Debtor filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code on May 22, 2014. ECMC properly and timely filed the 2014 Proof of Claim on or about September 16, 2014

---

[1] During the December 10, 2014 hearing, the Debtor requested that the Motion to Avoid Preferential Transfer be dismissed without prejudice as both parties agreed that said motion was required to be filed as an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

(the "2014 POC"). *See* Claims Register, Claim #8-1. The 2014 POC is comprised of a Federal Consolidation Loan originated on October 26, 1989 owed by Debtor in the amount of $11,202.95 accruing at 9% interest per annum (the "Loan"). ECMC provided the Court with an itemized statement detailing the components of the 2014 POC as follows: $21,487.54 in principal; $244.46 in unpaid interest accrued through the date of the bankruptcy filing; $5,289.57 in collection costs; and total proof of claim amount of $27,021.57. Resp. Ex.C.

The original guarantor of the Loan was Great Lakes Higher Education Corporation ("GLHEC"). The Loan immediately entered repayment and the first payment became due on February 6, 1990. When Debtor defaulted under the terms of the Loan, a default claim was filed with GLHEC by operation of the Loan's guaranty. On or around April 6, 1993, GLHEC paid the default claim. Upon payment of the default claim, all unpaid interest was capitalized as required by 34 C.F.R. § 682.410(b)(4). After the default claim was paid, GLHEC began collection efforts on the Loan.

ECMC stated that between September 8, 1993, and April 26, 1995, payments totaling $1,195.00 were received on the Loan. ECMC alleged that from May 1995, through November 1995, payments totaling $483.00 were received on the Loan. After completing the terms of the special rehabilitation agreement, the default status was removed and the Loan reentered repayment. When the Debtor again defaulted under the terms of the Loan, GLHEC paid a default claim on or around October 7, 2007. Upon payment of the default claim, all unpaid interest was capitalized. Additionally, collection costs were assessed against the Loan as required by 34 C.F.R. § 682.410(b)(2). On July 31, 1998, Debtor filed Chapter 7 Bankruptcy 98-23484 (the "1998 Bankruptcy"). The 1998 Bankruptcy was converted to a Chapter 13 on or about October 22, 1998.

ECMC subsequently filed a Proof of Claim on or about June 9, 1999 (the "1999 POC"). GLHEC assigns to ECMC its loans that are subject to a Chapter 13 Bankruptcy Proceeding. As such, GLHEC assigned all right, title, and interest in the Loan to ECMC on or around September 18, 1998.

The Debtor filed an Objection to the 1999 POC on or around June 17, 1999, on the basis that the claim was filed past the bar date for claims. The Debtor did not contend that any portion of the 1999 POC was inaccurate. On or around August 10, 1999, an order was entered disallowing the 1999 POC. On or around September 5, 2001, the 1998 Bankruptcy was discharged. The Debtor stated that following discharge, ECMC began garnishment proceedings on the Loan and Debtor objected to said garnishment. The objections were heard at an administrative hearing on May 7, 2002. Debtor's objections were denied by written order finding that the loans were non-dischargeable despite ECMC's claim being disallowed for not being timely filed.

Since the 1998 Bankruptcy concluded, ECMC has received payments in the total amount of $38,157.70. The first payment was received by ECMC on or about May 21, 2002. At that time Debtor had an outstanding interest balance of $8,933.37. Additional interest has continued to accrue at the approximate rate of $161 per month. ECMC stated that it assessed collection costs annually against the then owed principal and interest balance in accordance with 34 C.F.R. 682.410(b)(2) and 20 U.S.C. § 1091a. When a payment was made, a percentage of the amount of each payment was first applied toward collection costs. The remaining amount of each payment was then applied toward the outstanding interest balance pursuant to 34 C.F.R. § 682.404(f). Because Debtor has continued to carry an outstanding and accruing interest balance on the Loan, no portion of any payment received by ECMC has been applied toward the principal balance.

On October 16, 2014, Debtor filed the Objection to ECMC's 2014 POC. Debtor alleges that the collection costs currently assessed against Debtor's student loans with ECMC were discharged in Debtor's 1998 Bankruptcy and that payments received by ECMC following the conclusion of Debtor's 1998 Bankruptcy were misapplied. The Debtor argues that the disallowance of ECMC's POC in the Debtor's 1998 Bankruptcy and subsequent discharge preclude the enforcement of the collection costs claimed by ECMC in the 2014 POC. Despite Debtor's argument that the collection costs were discharged in the previous 1998 Bankruptcy, the Administrative Court found that the collection costs assessed to the Loan were nondischargeable. The Debtor's objections to ECMC's 1999 POC were heard at the administrative hearing on May 7, 2002. Debtor's objections were denied by written order finding that the loans were nondischargeable despite ECMC's claim being disallowed. This Court is bound by the decision of the Administrative Court in its May 7, 2002 Order which found that the collection costs included in ECMC's 2014 POC are nondischargeable.

Notwithstanding the Administrative Court's May 7, 2002 Order, this Court still holds that the payments made to ECMC were not misapplied and that the amount of the 2014 POC, including collection costs and unpaid interest, is proper. At the December 10, 2014 hearing, ECMC presented evidence that it assessed collection costs annually against the then owed principal and interest balance in accordance with 34 C.F.R. 682.410(b)(2) and 20 U.S.C. § 1091a (b)(1). ECMC argued that guaranty agencies, such as ECMC, are required to assess collection costs against defaulted student loans. 20 U.S.C. § 1091a(b). Specifically, section 682.410(b)(2) provides:

> (2) *Collection charges*. Whether or not provided for in the borrower's promissory note and subject to any limitation on the amount of those costs in that note, the guaranty agency shall charge a borrower an amount equal to reasonable costs incurred by the agency in collection a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection agency charges, and court costs.

34 C.F.R. § 682.410(b)(2). ECMC stated that federal regulations dictate that a guaranty agency shall impose collection costs at the lesser of (i) the amount a borrower would be charged under the formula in 34 C.F.R. § 30.60 or (ii) the amount the same borrower would be charged for the cost of collection if the loan were held by United states Department of Education. *See Black v. Educ. Credit Mgmt. Corp.,* 459 F.3d 796 (7th Cir. 2006) (confirming constitutionality and reasonableness of percentage-based student loan collection cost under Higher Education Act and federal regulation). ECMC contended that the collection costs assessed by ECMC and included in the 2014 POC filed in this matter, were mandated by statute and regulation. *See In re Schlehr,* 290 B.R. 387, 398 (Bankr. Mont. 2003) (Trustee's objection to the inclusion of collection costs overruled because to do otherwise "would fail to give effect to the requirements of 20 U.S.C. § 1091a(b)(1) and 34 C.F.R. §§ 30.60 and 682.410(b)(2)"). The Debtor has presented no evidence to this Court to rebut or disprove the calculations of amounts owed to ECMC. Further, the Debtor has presented no legal authority or factual evidence to support the allegation that ECMC's collection claim is unenforceable as a penalty or otherwise dischargeable in bankruptcy.[2]

Other courts have found that collection costs are part of a student loan obligation and are not excepted from discharge under 11 U.S.C. § 523(a)(8). *See In re Featherston*, 238 B.R. 377, 380 (Bankr. S.D. Ohio 1999), *See also In re Shelbayah*, 165 B.R. 332, 338 (Bankr. N.D. Ga. 1994). The court in *Featherston* denied confirmation of a plan which attempted to treat the $16,089 collection cost portion of an $89,000 claim for unpaid student loans as dischargeable on the theory that such collection costs were a default penalty. *Featherston*, 238 B.R. 377, 381. The *Featherston* court cited

---

[2] Determination of non dischargeability must be brought by adversary proceeding pursuant to Fed. R. Bkr. P. 7001(6).

the same federal statue and regulation relied upon by ECMC in assessing collection costs against the Debtor, and ultimately reasoned that "assessing collection costs to the debtor is not only authorized by statute, it is mandated." 238 B.R. 377, 380-81. This Court holds that the collection costs assessed by ECMC against the Debtor and included in the 2014 POC are proper and nondischargeable.

The unpaid interest component of the 2014 POC accrued through the date of the bankruptcy is likewise, nondischargeable. The Third Circuit in *Leeper v. Pennsylvania Higher Educ. Assistance Agency*, (*PHEAA*), 49 F.3d 98 (3d Cir. 1995) throughly analyzed the issue of nondischargeability of postpetition interest by looking to Supreme Court in *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964) and to Bankruptcy courts in *In re Shelbayah*, 165 B.R. 332, (Bankr.N.D.Ga.1994), and *Branch v. UNIPAC/NEBHELP* (*Matter of Branch*), 175 B.R. 732 (Bankr.D.Neb.1994).

In *Bruning,* a taxpayer who had been discharged from bankruptcy challenged the Internal Revenue Service's contention that it was entitled to collect post-petition interest on a nondischargeable tax debt after the conclusion of the taxpayer's bankruptcy. *Leeper v. Pennsylvania Higher Educ. Assistance Agency*, (*PHEAA*), 49 F.3d 98 (3d Cir. 1995) (See *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964)). The taxpayer in *Bruning* based his argument on the traditional rule barring creditors from claiming post-petition interest from the bankruptcy estate, a rule now codified in 11 U.S.C. § 502(b)(2). *Leeper v. Pennsylvania Higher Educ. Assistance Agency*, (PHEAA), 49 F.3d 98, 101 (3d Cir. 1995) (citing to *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964)). The Supreme Court in *Bruning*, in a unanimous opinion, upheld the position of the Internal Revenue Service. 493 F.3d at 101.

Later, the court in *In re Shelbayah* applied the Supreme Court's decision in *Bruning* to the issue of dischargeability of postpetition interest on a nondischargeable student loan. In *In re Shelbayah*, the debtor had conceded that the creditor could file a claim for the principal plus all pre-petition interest, but objected to the inclusion of the post-petition interest in the claim. 165 B.R. 332, 337. The debtor argued that the creditor was barred from filing a claim for post-petition interest by 11 U.S.C. § 502(b)(2), and that such interest was dischargeable pursuant to 11 U.S.C. § 1328(a), which permits discharge of all debts "disallowed under section 502." *Leeper v. PHEAA*, 49 F.3d 98, 102 (citing to *Shelbayah,* 165 B.R. at 334). The Third Circuit, in applying the analysis of *Shelbayah* and *Bruning*, held that post-petition interest could accrue during the course of the bankruptcy and would not be dischargeable. 49 F.3d 98, 102 (3d Cir. 1995)(citing to *Shelbayah,* 165 B.R. at 337).

The Third Circuit then, in looking to *In re Shelbayah*, and *Branch v. UNIPAC/NEBHELP* explained that "both held that post-petition interest may accrue on a nondischargeable student loan during the debtor's Chapter 13 bankruptcy." 49 F.3d 98, 102. The Third Circuit noted, "almost all courts that have considered the issue presented have concluded that the disallowance of postpetition interest has no effect on the dischargeability of a claim for, and an individual's future liability for, such interest." *Id*. at 102 (citing *Shelbayah,* 165 B.R. at 335, *inter alia, Bruning,* 376 U.S. 358, 84 S.Ct. 906 (1964)). Therefore, this Court holds that the disallowance of ECMC's 1999 POC and the subsequent discharge in the Debtor's 1998 Bankruptcy does not preclude enforcement of the collection costs or the postpetition interest included in the 2014 POC.

The Debtor has not presented any evidence to dispute the amount of the Loan owed by the Debtor, nor has she presented any evidence disputing the amount of collection cost or interest owned to ECMC.  Further, it is clear to this Court that collection costs and postpetition interest is neither

7

affected by the disallowance of ECMC's 1999 POC or the Debtor's discharge in the 1998 Bankruptcy as collection costs and postpetition interest on the Loan are nondischargeable. Accordingly, ECMC's assessment and inclusion of collection cost and postpetition interest in the 2014 POC is proper. Therefore, ECMC 2014 Proof Of Claim in the amount of $27,021.57 is **ALLOWED.** Accordingly, the Debtor's Objection to Claim No. 8 of ECMC is **OVERRULED**. As referenced above in footnote 1, the Debtor's Motion to Avoid Preferential Transfer is **DISMISSED** without prejudice.

    **SO ORDERED**.

**END OF DOCUMENT**